

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2006

# Thomas v. PA Bd Probation

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4641

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Thomas v. PA Bd Probation" (2006). *2006 Decisions*. Paper 407.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/407

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4641

ROBERT M. THOMAS,

Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE;
PENNSYLVANIA ATTORNEY GENERAL OFFICE

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 04-cv-01171)
District Judge: Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
September 28, 2006

Before: McKEE and AMBRO, Circuit Judges
RESTANI,[*] Chief Judge

(Opinion filed September 29, 2006 )

OPINION

_____

[*]Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

AMBRO, Circuit Judge

Robert M. Thomas seeks a *writ* of *habeas corpus* under 28 U.S.C. § 2254 because of the denial of his parole by the Pennsylvania Board of Probation and Parole (the "Board").[1]  At the time of the Board's decision in 2004, it was operating under Pennsylvania's recently amended Parole Act (the "Act").  Act of Dec. 18, 1996, 1996 P.L. 1098, No. 164, § 1 (codified at 61 Pa. Cons. Stat. § 331.1).  The amendments had the effect of placing more weight on considerations of public safety than was previously the case in the Board's parole decisions.  *See Mickens-Thomas v. Vaughn*, 321 F.3d 374, 385–86 (3d Cir. 2003).  This, of course, had the potential to make it more difficult for state prisoners to be granted parole.  As a result, Pennsylvania's retroactive application of the new standard to prisoners sentenced before the Act had taken effect raised *ex post facto* concerns.  *See* U.S. CONST. art. I, § 10, cl. 1.

Prior to the denial of parole that is challenged here, Thomas similarly had been denied parole in 2001.  Raising the same *ex post facto* concerns as in this petition, he filed for *mandamus* review of the former denial and pursued that claim through the Pennsylvania court system to the Pennsylvania Supreme Court.  That Court reserved decision in Thomas's case until it issued an opinion in *Finnegan v. Pa. Bd. of Probation & Parole*, 838 A.2d 684 (Pa. 2003).  *Finnegan* resolved for the Pennsylvania

---

[1]Our review of the District Court's denial of Thomas's petition is plenary.  *Richardson v. Pa. Bd. of Probation & Parole*, 423 F.3d 282, 287 n.3 (3d Cir. 2005).

courts—temporarily, as it turned out—the questions that had been swirling about the Act and its effect on parole determinations. The Court ruled that the *Ex Post Facto* Clause was not violated by the Act's retroactive application. *Id.* at 690.[2]

It was in the face of *Finnegan* that Thomas filed in federal court the petition that is the subject of this appeal. As did his Pennsylvania *mandamus* case, which challenged the first denial of his parole, Thomas's *habeas* petition here challenges the second denial of his parole on *ex post facto* grounds. For federal courts to rule on petitions challenging state custody, petitioners generally must have exhausted all state-law remedies. 28 U.S.C. § 2254(b), (c); *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996). Thomas readily admits that he has not pursued a challenge to his second denial of parole in the Pennsylvania courts, but asserts that the doctrine of futility excuses his failure to exhaust. *See Whitney v. Horn*, 280 F.3d 240, 252 (3d Cir. 2002); *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).[3] His reasoning is that because the Pennsylvania Supreme Court in *Finnegan* had recently rejected an *ex post facto* challenge to the Act (indeed, it had reserved decision on Thomas's own earlier challenge pending its decision in *Finnegan*), it would have been futile for him to raise the same claim to the same Court so soon.

---

[2]Some background is helpful. After a splintered decision in *Winklespecht v. Pa. Bd. of Probation & Parole*, 813 A.2d 688 (Pa. 2002), (which ostensibly held that the Act did not violate the *Ex Post Facto* Clause), followed by this Court's decision in *Mickens-Thomas* (which ruled to the contrary), the Pennsylvania Supreme Court's exact position on the issue was unclear until its ruling in *Finnegan*.

[3]The exhaustion requirement is not jurisdictional in nature. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982).

3

Our Court's decision in *Parker v. Kelchner*, 429 F.3d 58 (3d Cir. 2005), issued after Thomas filed this petition, forecloses his argument.  In *Parker*, "we agree[d] with our sister Circuits . . . that likely futility on the merits does not excuse a failure to exhaust a claim in state court."  *Id.* at 63.  "Allowing petitioners to bypass state court merely because they believe that their constitutional claims would have failed there on the merits would fly in the face of comity and would deprive state courts of [a] critical opportunity to examine and refine their constitutional jurisprudence."  *Id.* at 64 (citing *Engle v. Isaac*, 456 U.S. 107, 128 (1982)).  As *Parker* noted, *see* 429 F.3d at 64 n.5, the Pennsylvania Supreme Court eventually overruled *Finnegan* with its decision in *Cimaszewski v. Bd. of Probation & Parole*.  *See* 868 A.2d 416, 426–27 (Pa. 2005) (holding that "changes in the laws governing parole ***may*** violate the *ex post facto* clause." (double emphasis in original)).[4]

Thomas has failed to exhaust his *ex post facto* claim in the Pennsylvania courts.  We therefore will affirm the judgment of the District Court.

---

[4]*Cimaszewski* essentially harmonizes the Pennsylvania Supreme Court's jurisprudence on this issue with ours.  We limited our holding in *Mickens-Thomas* by ruling in *Richardson* that *Mickens-Thomas* did not establish a *per se* rule that the Act violated the *Ex Post Facto* Clause.  Like *Cimaszewski*, *Richardson* endorsed a more individualized approach.  *Compare Richardson*, 423 F.3d at 289–91, *with Cimaszewski*, 868 A.2d at 426–27.